## Case No. 13,271.

### SQUIRES v. The CHARLOTTE VANDERBILT.

[3 Wkly. Law Gaz. 343.]

District Court, S. D. New York. 1859.

ADMIRALTY JURISDICTION — WHARFAGE IN THE HOME PORT.

[The federal courts sitting in admiralty have no jurisdiction of a libel in rem to enforce a claim for wharfage accruing while the vessel was lying in her home port, and within the jurisdiction of a state. Following and applying Allen v. Newberry, 21 How. (62 U. S.) 244 and Maguire v. Card, Id. 248.]

[This was a libel by Richard Squires against the Charlotte Vanderbilt to enforce a claim for wharfage.]

The libel was filed in this cause to recover $195.49 for wharfage, alleging that the steamboat belonging to the port of New York for some time past has been and now is lying in the port of New York, and the said libelant has during that time furnished a berth for said steamboat to lie at one of the wharves of the said city, the wharfage whereof amounts to $195.49, and that said wharfage was necessary for said steamboat.

The claimant appeared in the action, but a default was entered against her for failing to answer. The claimant's proctor applied on the pleadings and an affidavit for an order setting aside the libelant's proceedings, and for the dismissal of the libel as not within the jurisdiction of the court.

Mr. Andrews, for libelant.

Beebe, Dean & Donohue, for claimant.

BETTS, District Judge. The libel is palpably inadequate and irregular in particulars of form vital to its maintenance in this court. It does not aver any right of property in, or trust, or authority in respect to the berth occupied by the vessel in this harbor or the wharfage supposed to have accrued from such occupation, nor agency or authority from which his right to demand or collect the money if due may be implied. Nor is the frame of the libel in conformity to the positive requirements of the rules of court. Sup. Ct. Adm. Rule 23.

These imperfections may be cured by amendment on proper causes and excuses shown the court for the irregularity in pleading, and, therefore, if there was a color of right to the remedy sought by the action, the court would relieve the party from the consequences of his faults in pleading upon terms that are equitable between the parties. But the decisions rendered by the supreme court of the United States at its last session (December term, 1858), have settled the rule of law that actions of the character of the present one are not within the admiralty jurisdiction of the court (Allen v. Newberry [2 How. (43 U. S.) 244]; Maguire v. Card [Id. 248]), and accordingly no ratification of the informalities of the pleading can avail the libelant to any serviceable end. He has brought his suit before a tribunal incompetent to take cognizance of the subject matter.

The vitality of those decisions must also counteract and displace all value to any permissive grant of authority to the admiralty courts to take cognizance of that subject, if such power be deducible from the 12th rule in admiralty; as a regulation out of the competency of that court to make cannot avail in law any more for a qualified period than absolutely and without limitation. The solemn adjudication of the supreme court having now determined that the admiralty tribunals never were clothed with the legal right to take cognizance of questions of liens or contracts of affreightment, or for supplies furnished a vessel in her home port, while engaged in the purely internal commerce of the state where she belongs, it cannot be maintained that a mistaken sanction of the exercise of such authority in a rule of court, can be made available or effective in opposition to such solemn judgments. It is accordingly ordered that the further prosecution of this action be perpetually stayed, and that the claimant and her sureties in the suit be discharged, with costs.